UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

TAMIKA BRUCE,

      Movant,

v.                                    CASE NO. 2:08-cr-00121
                                      CASE NO. 2:09-cv-00892

UNITED STATES OF AMERICA,

      Respondent.

<u>PROPOSED FINDINGS AND RECOMMENDATION</u>

Pending before the court is Movant's Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 46, "Motion"). By Standing Order (# 48), this action was referred to the undersigned for submission of proposed findings and recommendation for disposition.

Movant, Tamika Bruce ("Defendant"), is serving a sentence of 120 months, upon her guilty plea to possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), to be followed by a five-year term of supervised release. (Judgment in a Criminal Case entered October 23, 2008, # 39.) She did not take a direct appeal.

The § 2255 Motion was filed with the Clerk on August 4, 2009. Accordingly, Defendant's Motion was timely filed. At the Court's direction, Defendant also completed and filed the standard form § 2255 motion (# 51).

Facts of the Case and Procedural History

The facts are set forth in the Stipulation of Facts, attached to Defendant's plea agreement (# 30, at 9-10).  It states that on May 1, 2008, law enforcement officers arranged a controlled purchase of cocaine base from Defendant.  Id.  Defendant met with an undercover officer.  Id.  After he showed her a roll of money, she returned to her residence, and then came back to the meeting spot.  Id.  A marked police cruiser performed a felony traffic stop at the meeting place and officers recovered 25.6 grams of cocaine base from Defendant.  Id.  The officers then obtained a search warrant for Defendant's residence and seized 74.33 grams of cocaine base, 20.47 grams of cocaine, 1,034.7 grams of marijuana, various pills, one set of digital scales, and a .32 caliber semi-automatic handgun.  Id.

The grand jury indicted Defendant on June 3, 2008 (# 5).  She was detained pending trial.  (## 10, 14.)  A hearing on pretrial motions was conducted on July 17, 2008, at which Defendant's attorneys moved to suppress her confession and the evidence seized (# 23).  On July 31, 2008, Defendant signed a plea agreement (# 30) and entered her guilty plea the next day (## 28-29).

Grounds for Relief and Positions of the Parties

Defendant raises the following grounds for relief based on her attorney's alleged ineffective assistance of counsel "before and after disposition of plea colloquy (07/25/08; 10/23/08)":

> Ground one [as stated in original Motion]:  Fabrication
> by counsel led to extrinsic fraud upon petitioner.
> Reason 1: Counsel failed to adequately investigate PSR
> [presentence report] prior to sentencing.   Reason 2:
> Counsel presented inadequate reasoning for accepting gun-
> enhancement provisions. Reason 3: Counsel led petitioner
> to believe mitigating circumstances would be introduced
> in the investigation process.   Reason 4: Counsel
> infringed attorney-client privilege prior to plea
> hearing.  Reason 5: Counsel's inducement led to signing
> of plea agreement.    Reason 6: Estoppel by
> misrepresentation.
>
> Ground two: Gross negligence by counsel led to increased
> sentence.  Reason 1: Counsel failed to litigate Criminal
> History Category Points-fundamental error.   Reason 2:
> Counsel's infringement of improper distribution charge
> led to improper government disposition.

(Motion, # 46, at 1, 3-11.)  Defendant seeks the following relief:
vacating the judgment and re-sentencing Defendant to Base Offense
Level 26, without a gun enhancement, with a downward adjustment for
minor role, without consideration of the involvement of cocaine
base, and a departure to Criminal History Category I.  Id., at 12-
15.   She asks that she be considered for treatment under the
"safety valve," for termination of supervised release after one
successful year, and release on home confinement.  Id.

The response filed by the United States includes transcripts
of Defendant's guilty plea and sentencing hearings (# 59, Exs. A
and B) and an affidavit from Defendant's retained counsel, Trent A.
Redman (# 51, Ex. C).  The government asserts that Defendant has
failed to provide any evidence that her counsel rendered
constitutionally ineffective assistance at the plea hearing.  Id.
at 6-15.  The United States further argues that Defendant failed to

3

provide any evidence that her counsel rendered constitutionally ineffective assistance at the sentencing hearing.  Id. at 15-17.

Defendant's reply contends that her attorney's ineffectiveness occurred during the period July 25 through October 23, 2008, at the South Central Regional Jail where Defendant was detained.  (# 62, at 1.)

### ANALYSIS

The Supreme Court addressed the right to effective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test.  The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness.  Id., at 687-91.  There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel.  Id., at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id., at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's

4

unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694.  The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice.  Id., at 697.  In the context of a case in which a defendant pled guilty, she must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not alleged that "but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial," as required by Fields.  The presiding District Judge should further **FIND** that Defendant has failed to show that she suffered any prejudice because she received the minimum sentence possible for her guilty plea.  Due to Defendant's failure to show that she can meet the prejudice prong, it is unnecessary to address her grounds for relief further; nonetheless, the undersigned will consider them.

Defendant's grounds for relief contain "reasons" which concern aspects of both the plea hearing and the sentencing process.  It appears to the undersigned that Defendant is charging her attorney

with ineffective assistance in connection with both matters; thus the "reasons" will be divided between guilty plea matters and sentencing issues and addressed in that manner.

<u>Issues Relating to Guilty Plea</u>

Defendant identifies the following acts or omissions of counsel relating to her plea agreement and guilty plea hearing that she alleges not to have been the result of reasonable professional judgment:

- Counsel infringed attorney-client privilege prior to plea hearing [Ground one, Reason 4]. My lawyer shared privileged information with the prosecution before debriefing.
- Counsel's inducement led to signing of plea agreement [Ground one, Reason 5]. I told my lawyer at plea signing that the stipulation of facts were not facts. He told me we could walk out now but I would have to "sign something" saying that "it was my choice" because if I went to trial they (prosecution) would prove that I was guilty. At plea hearing, I stated to the court - "I don't believe in my plea, I believe in my lawyer and my lawyer believes in my plea."

(# 46, at 5-6.)

As to Ground one, Reason 4, the United States notes that Defendant did not describe the privileged information which she asserts was revealed. (# 59, at 16.) The government states that "it did not, at any time, engage in any communication with defendant's counsel that included the exchange of privileged information." <u>Id.</u> at 16-17.)

Defendant's Reply offers a description of the communication which she claims was privileged:

6

> The first debriefing, the detective said Taco (a supposedly known drug dealer) had moved out of town because I caught my charge. By that time, I had been in the South [Central] Regional Jail for several months and had no knowledge of Taco's whereabouts. I told my attorney that Paul Woods left town when I caught my charge. This misinformation led to the prosecution having preconceived thoughts of what I knew and therefore blocked negotiations beneficial to my defense.

(# 62, at 9.)

The undersigned proposes that the presiding District Judge **FIND** that Defendant has failed to show that her attorney revealed confidential communications to anyone. The mere fact that a detective mentioned "Taco" is no proof that her attorney revealed information.

As to Ground one, Reason 5, the Response filed by the United States relies on Defendant's sworn statements at the plea hearing, the affidavit of Defendant's attorney, and the holding in United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (in the absence of extraordinary circumstances, allegations in a § 2255 motion that contradict the defendant's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false"). (# 59, at 6-15.)

With respect to the voluntariness of her guilty plea, Defendant's Reply "asserts the fact she lacked proper representation and preparation to make an informed decision going into plea proceedings." Id. at 11.

In both her original Motion and her Reply, Defendant claims

7

that a few sentences were not transcribed by the court reporter. (# 46, at 6; # 62, at 4-5.)  The first incident, a "pause" at line 6, page 14 of the transcript of the guilty plea hearing, is clearly a point when Defendant and her attorney conferred privately and confidentially, although they were in the courtroom with others present.  Such conferences are not supposed to be overheard and are definitely not transcribed.  The second incident, a "pause" at line 21, page 25 of the guilty plea transcript, appears to be the point at which Defendant signed the guilty plea form and it was handed to the clerk.  The undersigned proposes that the presiding District Judge **FIND** that Defendant's allegations that the transcript of her guilty plea hearing omits several sentences is without foundation.

Defendant's plea agreement includes the following provisions:

10.  **AGREEMENT ON SENTENCING GUIDELINES.**  Based on the foregoing Stipulation of Facts, the United States and Ms. Bruce agree that the following provisions of the United States Sentencing Guidelines (2007 edition) apply to this case.

Count Two of the Indictment:
USSG §2D1.1
Base offense level                32
Possession of a firearm           +2
Adjusted offense Level            34

The United States and Ms. Bruce acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.**  The parties reserve the right to appeal the District Court's

determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that stated in paragraph 10 above.  Nonetheless, [preceding sentence repeated.]   Nonetheless, Ms. Bruce knowingly and voluntarily waives her right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 34.   The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 31.

Ms. Bruce also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

(# 30, at 4-5.)

In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held "that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."   In evaluating whether a defendant's waiver was knowing and voluntary, the Fourth Circuit further held as follows:

Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy

9

is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

Id. at 221-22.

During her guilty plea hearing, the plea agreement, including paragraph 11 containing the waiver provision, was read into the record.  (# 59-1, Ex. A, at 6.)  Defendant stated under oath that she understood the agreement and went over it with her attorney, "word for word, sentence for sentence, piece by piece." Id. at 8. She confirmed that her attorneys answered all her questions, that she understood all the rights which she was giving up, and that she wanted Judge Goodwin to accept the agreement.  Id. at 8-9.  The Court made specific inquiry of Defendant concerning her understanding of the waiver provision:

> THE COURT: Do you understand that this agreement is essentially a, has a lot of aspects to it in addition to just pleading guilty?  It also includes a Stipulation of Facts admitting guilt.  It includes a waiver of your right to appeal any conviction and sentence I impose.  It waives your right to even challenge this conviction based on some violation of a constitutional right by habeas corpus petition.
>
> And the only thing is if somehow you can prove that your lawyers rendered ineffective assistance of counsel, which is an extremely hard thing to do, you will be bound by this agreement if I accept it, and if I accept your guilty plea, and not permitted to appeal, not permitted to file a writ of habeas corpus, not permitted to withdraw your guilty plea.  Do you understand all that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: Have you talked about all of that, your right to appeal, your right to habeas corpus, and your waiver

10

of those rights with your lawyer?

THE DEFENDANT: Yes, I have.

Id.

In connection with the factual basis for the plea, the charge was read aloud to Defendant, and she was instructed on the essential elements of the offense. Id. at 11-12. She gave her version of the factual basis as follows: "The fact that I had not that amount of cocaine base, but another amount that I was delivering. I feel that I will – that a jury of 12 people will find me guilty of the intent to deliver the full amount instead of just a partial amount." Id. at 12-13. Judge Goodwin then went over the Stipulation of Facts with Defendant. Id. at 13-14. Defendant conferred privately with her attorney and then stated to Judge Goodwin that the Stipulation of Facts was true. Id. at 14. Judge Goodwin persisted:

> THE COURT: Are you sure? This is really simple. You're under no pressure and you are not to be forced, coerced, intimidated, or even talked into entering a plea of guilty or a stipulation unless you're, in fact, guilty. I don't accept guilty pleas from people that aren't guilty of the offense.
>
> So all you need to do is tell me if that's true if it is. And if it's not, tell me it's not true.
>
> THE DEFENDANT: It's true.

Id. at 14-15.

At the conclusion of the guilty plea hearing, Chief Judge Goodwin found that Defendant understood the nature of the charge,

the consequences of pleading guilty to it, and the constitutional and other rights she gave up by pleading guilty. Id. at 26. He found that her guilty plea was "entirely voluntary." Id. Mr. Redman's affidavit states that he explained the law concerning crack cocaine and possession of a firearm to Defendant, discussed the facts surrounding her arrest, informed her of the minimum mandatory sentence of ten years, and discussed the Stipulation of Facts with her. (# 59-1, at 44.) He further states that "counsel explained the situation intelligently and allowed the Defendant to make her own decisions per her own words, as the record herein reflects." Id.

Defendant's Reasons 4 and 5 of Ground one relate to matters in connection with the guilty plea. Although the waiver provision of the plea agreement excludes claims of ineffective assistance of counsel, it remains true that Defendant is bound by her sworn statements at her guilty plea hearing concerning her attorney's performance. She assured Chief Judge Goodwin that Mr. Redman had answered her questions and that she was "fully satisfied with the legal advice he's given." (# 59-1, at 4.)

In the face of Defendant's testimony during her Rule 11 colloquy, her allegations in her § 2255 motion are palpably incredible and patently frivolous or false. "[A[ defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be

12

able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.  <u>United States v. Bowman</u>, 348 F.3d 408, 417 (4th Cir. 2003)." <u>Lemaster</u>, 403 F.3d at 221.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has shown no extraordinary circumstances, that the truth of her sworn statements made during the Rule 11 colloquy are conclusively established, and that Defendant's allegations in her § 2255 motion contradict the sworn statements.  The undersigned proposes that the presiding District Judge further **FIND** that Defendant waived her right to pursue a collateral attack except as to alleged ineffective assistance of counsel, that her attorney did not induce her to enter a guilty plea, that her sworn statements at the plea hearing establish that her guilty plea was entered knowingly and voluntarily, and that Defendant was not denied effective assistance of counsel in relation to the guilty plea.

<u>Issues Relating to Sentencing</u>

Defendant identifies the following acts or omissions of counsel relating to her plea agreement and guilty plea hearing that she alleges not to have been the result of reasonable professional judgment:

- Counsel failed to adequately investigate PSR report prior to sentencing [Ground one, Reason 1].  My lawyer never came to South Central Regional Jail to review my PSR.  I wrote him a letter as to my objections prior to sentencing and I assumed that he made the necessary objections in the report.
- Counsel presented inadequate reasoning for accepting gun-

enhancement provisions [Ground one, Reason 2].  I did not see my "Stipulation of Facts" until my plea hearing one minute before I signed it.  I told counsel that those were not facts and he was unwilling to argue for me on my behalf.  Defendant should not have enhancement applied with drug offense when the firearm was not found in proximity to drug transaction that occurred in parking lot.  I was observed going into my residence to retrieve contraband; however, there was no observation of firearm on my person.  Enhancement provision was clearly undermined due to current condition: 25% use of my right arm due to nerve damage. * * * Counsel withdrew initial request (10/22/08) of not accepting gun-enhancement provision, but failed to present adequate reasoning of regards to keeping provision.  Counsel voided motion without my knowledge for removal of gun-enhancement and led me to believe justification would be eventually exercised at hearing.

- Counsel led petitioner to believe mitigating circumstances would be introduced in the investigation process [Ground one, Reason 3].  I stated my mitigating circumstances at debriefing in front of counsel and he did not argue them.

- Estoppel by misrepresentation [Ground one, Reason 6].  Prior to sentencing, my lawyer also advised me not to speak, only apologize, so I wouldn't anger the judge.  He told me not to mention any precedents and that it could cause an increase sentence.

- Counsel failed to litigate Criminal History Category Points: fundamental error [Ground two, Reason 1].  Petitioner was sentenced under wrong Amendment (493) which calls for "a term of probation of at least one year."  Petitioner was sentenced under the May 1, 2008 guidelines which have adopted the provisions of Amendment 709.

- Counsel's infringement of improper distribution charge led to improper government disposition [Ground two, Reason 2].  Petitioner procured to distribute 25.7 grams of cocaine base to CI. * * * Evidence at residence should have been admitted to show "intent to distribute" weighed quantity of 25.7 grams of cocaine base; however, evidence was admitted as relevant conduct provisions. * * * Petition only intended to distribute the "25.7 grams of crack cocaine," not the other enumerated narcotics agents found in residence.  Drugs in residence should have been used to show the intent to distribute the negotiated amount of drug.

All of these grounds for relief are contrary to Defendant's sworn statements at the guilty plea hearing that she understood that the mandatory minimum sentence to be imposed for possession

with intent to distribute more than fifty grams of cocaine base was ten years. The mandatory sentence was spelled out in the plea agreement (# 30, at 2) and at the guilty plea hearing (# 59-1, at 5). The ten-year sentence imposed was the lowest sentence possible, and was less than the bottom of the guideline range of 121-151 months. Even if Judge Goodwin had found there to be insufficient justification for the gun enhancement, or reduced Defendant's Criminal History Category, the sentence would have been the same. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has failed to show that her attorney's performance resulted in any prejudice to her.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss Defendant's § 2255 Motion.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections,

15

identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant and to transmit it to counsel of record.


<u>September 22, 2010</u>                    _Mary E. Stanley_
        Date                              Mary E. Stanley
                                    United States Magistrate Judge

16